IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARK DAVID FRANKEL | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| THE DISCIPLINARY BOARD | : | |
| OF THE SUPREME COURT | : | NO. 05-CV-01450 |
| OF PENNSYLVANIA, et.al., | : | |
| Defendants. | : | |

MEMORANDUM

LEGROME D. DAVIS, J.                                                    NOVEMBER 8, 2005

Presently before this Court is Defendants' Motion to Dismiss Plaintiff's Complaint and

Plaintiff's Response thereto. For the reasons set forth below, Defendants' Motion to Dismiss is

granted in part and denied in part.

I.       FACTUAL AND PROCEDURAL HISTORY

Plaintiff, a disbarred attorney, alleges, pursuant to 42 U.S.C. § 1983, that the Disciplinary

Board of the Supreme Court of Pennsylvania ("Disciplinary Board"), Patti W. Bednarik, Esq. and

Edwin R. Frownfelter, Esq. violated his 14th Amendment procedural due process rights during

his disciplinary proceedings.[1] Bednarik and Frownfelter prosecuted a disciplinary action against

plaintiff before a three-judge panel. This panel recommended to the Disciplinary Board that

plaintiff be disbarred. Plaintiff appealed this recommendation to the Disciplinary Board. After

---

[1] Plaintiff also brought suit against the Supreme Court of Pennsylvania. Plaintiff's claims against the Supreme Court of Pennsylvania have already been dismissed for want of subject matter jurisdiction. See Stern v. Nix, 840 F.2d 208 (3d Cir. 1988).

hearing oral argument, the Disciplinary Board recommended to the Pennsylvania Supreme Court that plaintiff be disbarred. The Pennsylvania Supreme Court agreed and disbarred plaintiff.

Plaintiff claims that the Disciplinary Board never reviewed evidentiary rulings made by the initial panel and that the Disciplinary Board made initial procedural rulings that it never reviewed. Compl. ¶¶ 13,14. Plaintiff alleges that Bednarik and Frownfelter knowingly and intentionally misstated and misrepresented evidence, referenced information that was not in evidence, and took actions that were designed to malign and otherwise cause harm to plaintiff.[2] Id. ¶ 21. Plaintiff further alleges that Bednarik made misrepresentations to and threatened witnesses and potential witnesses. Id. Plaintiff seeks compensatory damages and costs of litigation from all defendants. Id. ¶¶ 20, 21. In addition, plaintiff requests that all defendants be recused from any further consideration or review of the underlying disbarment case. Id.

II.     DISCUSSION

Defendants bring this motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Defs' Mot. to Dismiss at 2. In reviewing Defendant's facial attack on subject matter jurisdiction under Rule 12(b)(1), the court must treat the allegations contained in the complaint as true and make the disposition of the motion "a purely legal determination." Cudjoe v. Department of Veteran Affairs, 426 F.3d 241, 244 (3d Cir. 2005); see also Mortensen v. First Federal Savings & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). Dismissal under Rule 12(b)(6) for failure to state a claim is appropriate when it is clear that Plaintiff can prove no set of

---

[2] Plaintiff did not specify whether he was bringing his claims against Defendants Bednarik and Frownfelter in their official or individual capacities or both. In order to fully address Plaintiff's claim, this Court will assume that Plaintiff intended to bring his claims against these defendants in both of their capacities.

facts in support of his claim that would entitle him to relief.  Robb v. City of Philadelphia, 733

F.2d 286, 290 (3d Cir. 1984).

A.      Eleventh Amendment Immunity[3]

Under Eleventh Amendment jurisprudence, an unconsenting state is immune from suits

brought in federal court.[4] Port Authority Trans-Hudson Corp. v. Feeney, 495 U.S. 299, 304

(1990); Bolden v. Southeastern Pa. Transport Authority, 953 F.2d 807, 813 (3d Cir. 1991). This

protection extends to suits "against departments or agencies of the state having no existence apart

from the state itself." Laskaris v. Thornburgh, 661 F.2d 23, 25 (3d Cir. 1981). The Disciplinary

Board, an agency under the Supreme Court of Pennsylvania's jurisdiction, is an arm of the state

of Pennsylvania and, therefore, is protected by the Eleventh Amendment. See Mattas v. Supreme

Court of Pennsylvania, 576 F. Supp. 1178, 1182 (W.D. Pa. 1983). Therefore, the Disciplinary

Board is immune from suit in federal court. As a result, Defendants' Motion to Dismiss will be

granted with respect to Defendant Disciplinary Board.

Plaintiff has stated that, should his claim against the Disciplinary Board fail, he would

seek to amend his Complaint to set forth each member of the Disciplinary Board as a defendant.

Pl.'s Brief Contra at 4. If Plaintiff brought claims seeking damages from the members of the

Disciplinary Board in their official capacities, the members would be immune from suit under the

Eleventh Amendment. Hafer v. Melo, 502 U.S. 21, 25-27 (1991) (finding that official capacity

suits generally represent another way of pleading an action against an entity of which an officer is

an agent); see also Edelman v. Jordan, 415 U.S. 651, 663 (1974).

---

[3] Eleventh Amendment Immunity is a jurisdictional issue raised under Rule 12(b)(1).

[4] By statute, Pennsylvania has specifically withheld consent. 42 Pa.C.S. § 8521(b).

Similarly, any claims seeking damages from Defendants Bednarik and Frownfelter in their official capacities are protected by the Eleventh Amendment. Defendants Bednarik and Frownfelter are employed by the Disciplinary Board's Office of Disciplinary Counsel. A suit against them in their official capacities is tantamount to a suit against the Disciplinary Board. See Hafer, 502 U.S. at 25. Therefore, these defendants, in their official capacities, are protected by Eleventh Amendment immunity from claims seeking damages.[5]

B.      Quasi-Judicial Immunity[6]

If Plaintiff's claims against the members of the Disciplinary Board are brought against them in their individual capacities, the doctrine of quasi-judicial immunity will apply. Under the doctrine of quasi-judicial immunity, administrative officials performing discretionary acts of a judicial nature are entitled to absolute immunity from damages liability. See Cleavinger v. Saxner, 474 U.S. 193, 200 (1985); Butz v. Economou, 438 U.S. 478, 513-14 (1978). The state bar disciplinary proceeding over which the Disciplinary Board presided was clearly judicial in nature. See Middlesex v. County Ethics Commission v. Garden State Bar Ass'n, 457 U.S. 423, 433-34 (1982) (finding that it was "clear beyond doubt" that similar New Jersey state bar disciplinary proceedings were judicial in nature). Therefore, quasi-judicial immunity bars

---

[5] This Court notes that, in addition to damages, Plaintiff requests that Defendants Disciplinary Board, Bednarik and Frownfelter be recused from further consideration and review of the underlying attorney discipline matter. Compl. at Count 2, Count 3. This requested relief does not fall under the protection of the Eleventh Amendment. Will v. Michigan Dept. of Police, 491 U.S. 58, 71 n.10 (1989) (noting that an action for prospective relief against a state official sued in his official capacity is permitted). This relief will be addressed in Section II.D.

[6] The doctrine of quasi-judicial immunity falls under Rule 12(b)(6).

Plaintiff's claims for damages against the members of the Disciplinary Board.[7]

C.     Prosecutorial Immunity[8]

If Plaintiff's claims against Defendants Bednarik and Frownfelter are brought against them in their individual capacities, the doctrine of prosecutorial immunity applies. A prosecutor is immune from a civil suit for damages under §1983 for actions arising from the prosecutor's presentation of the case. Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976) (applying an approach that looks to the nature of the function performed). Plaintiff alleges that during hearings and in pleadings to the three member panel, the Disciplinary Board and the Supreme Court of Pennsylvania, Bednarik and Frownfelter knowingly and intentionally misstated and misrepresented evidence, referenced information that was not in evidence, and took actions that were designed to malign and otherwise cause harm to Plaintiff. Compl. ¶ 21. These alleged actions were part of Defendants' presentation of their case against Plaintiff and, therefore, are protected by absolute immunity.[9] See Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993) (citing Imbler, 424 U.S. at 431) (reiterating that a prosecutor's acts that occur in the course of his or her role as advocate for the state are entitled to absolute immunity).

Plaintiff further alleges that Defendant Bednarik made misrepresentations to and threatened witnesses and potential witnesses. Compl. ¶ 21. The appropriate inquiry for

---

[7] The requested prospective relief will be addressed in Section II.D,

[8]  The doctrine of prosecutorial immunity falls under Rule 12(b)(6).

[9] Absolute prosecutorial immunity only applies when monetary damages are sought; it does not apply when equitable or injunctive relief is at issue. See Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 462 (3d Cir. 1996). Plaintiff's requested prospective, non-monetary relief will be addressed in Section II.D.

determining whether prosecutorial immunity is available is whether the prosecutor is acting in an

advocacy role or an investigative  role. <u>Rose v. Bartle</u>, 871 F.2d 331, 344 (3d Cir. 1989) (holding

that a prosecutor's solicitation and preparation of perjured testimony for use in the grand jury

proceedings occurred in his advocacy role and, therefore, was entitled to absolute immunity). The

Third Circuit believes "that a limited factual inquiry may in some cases be necessary to

determine in what role the challenged function was exercised." <u>Forsyth v. Kleindienst</u>, 599 F.2d

1203, 1215 (3d Cir. 1979). In the current case, the bare allegations in the Complaint do not

provide enough information for the Court to determine in what context the alleged threats and

misrepresentations were made. Therefore, a "limited factual inquiry" is necessary. As a result,

Defendants' Motion to Dismiss cannot be granted with respect to these allegations.[10]

D.      Prospective Relief Sought

        In Counts 2 and 3 of his Complaint, Plaintiff requests that Defendants be recused from

further consideration and review of the underlying attorney discipline matter. "A claim is not ripe

for adjudication if it rests upon 'contingent future events that may not occur as anticipated, or

indeed may not occur at all.'" <u>Texas v. United States</u>, 523 U.S. 296, 300 (1998) (quoting <u>Thomas

v. Union Carbide Agricultural Products Co.</u>, 473 U.S. 568, 580-81 (1985)). Although the

ripeness doctrine applies to whether or not a claim is ripe for adjudication, its rationale can be

analogized to Plaintiff's current request for relief. Whether Plaintiff's underlying disciplinary

matter is further considered and/or reviewed by Defendants is contingent on a number of factors.

---

[10] Defendant argues that none of immunities apply to any of his claims. His arguments are based upon public policy rationales. Def.'s Brief Contra at 3-5. He states that allegations of fraud were not meant to be barred by the Eleventh Amendment or the doctrines of quasi-judicial or prosecutorial immunity. However, Plaintiff's Complaint does not allege fraud, it alleges violations of the Fourteenth Amendment under §1983. Compl. ¶ 9.

See <u>Texas</u>, 523 U.S. at 300. Whether or not Defendants should recuse themselves from future action is a question that should be addressed when the future proceedings and/or review begin. This Court cannot grant Plaintiff the speculative relief he requests.

III.     CONCLUSION

Accordingly, this Court grants Defendants' Motion to Dismiss with respect to Defendants Disciplinary Board and Frownfelter. This Court also grants Defendants' Motion to Dismiss with respect to Defendant Bednarik insofar as the Complaint alleges actions that fall under prosecutorial immunity. This Court denies Defendants' Motion to Dismiss with respect to the allegations that Defendant Bednarik made misrepresentations to and threatened witnesses and potential witnesses. An appropriate order follows.